IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Louis Garrett, Jr., | ) | C/A No. 0:18-1309-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Director Bryan P. Stirling, et al., | ) | |
| Defendants. | ) | |

The plaintiff, Robert Louis Garrett, Jr., proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 1915 and § 1915A. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By a contemporaneously issued report and recommendation, the court recommended that the claims against most of the seventy-seven defendants in this matter be summarily dismissed pursuant to § 1915 and § 1915A. As to the remaining defendants, the court observes that the Complaint raises claims concerning at least five separate incidents that took place between April 2015 and May 2016. All of the incidents involve Plaintiff's claims of excessive force during his incarceration at three separate South Carolina Department of Corrections ("SCDC") facilities; however, other than the nature of the claim, the incidents appear to be wholly unrelated.

Rule 20 of the Federal Rules of Civil Procedure permits defendants to be joined in one action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise. Fed. R. Civ. P. 20(a)(2). If parties are misjoined, the court may add or drop a party or sever any claim. Fed. R. Civ. P. 21.

*PJG*

Here, Plaintiff's claims against the seventy-seven named defendants do not arise out of the same transaction or occurrence, or series thereof. Thus, Plaintiff's claims should be severed into four separate cases. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits). To comply with the Rules, Plaintiff's claims should be divided into the following four separate groups of defendants:

(1) Plaintiff's allegations against Defendants Franklin Richardson, Rogers, and McBride, for an incident that occurred on April 13, 2015 at Lee Correctional Institution. **("Lee Incident")**

(2) Plaintiff's allegations against Defendants Chad Binkley and "Unknown Officers From 9 May 2015 Attack," for an incident that occurred on May 9, 2015 at Perry Correctional Institution. **("May 2015 Perry Incident")**

(3) Plaintiff's allegations against Defendants Randall Fowler, Jr.; Lasley; Williams; DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. Blackburn; Kenneth Myers; James Jennings; and Nathan Rice; for an incident that occurred on June 19 or 20, 2015 at Perry Correctional Institution. **("June 2015 Perry Incident")**

(4) Plaintiff's allegations against Defendants Aull; Beckett, Jr.; T. Esterline; and James Parrish; for multiple incidents that occurred at Broad River Correctional Institution between January 2016 and May 2016, and his allegations against Parrish stemming from an incident that occurred on May 25, 2016.[1] **("Broad River Incidents")**

---

[1] Although the May 25, 2016 incident at Broad River appears to have concerned only Defendant Parrish, the court concludes that this claim can be joined with Plaintiff's claims against Parrish arising out of the other Broad River incidents. See Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.").

Page 2 of 4

PJG

Accordingly, Plaintiff's claims are hereby severed into four distinct matters, as divided above.

**TO THE CLERK OF COURT**:

The above-captioned case should pertain only to the **Lee Incident**. Therefore, the Clerk of Court is directed to terminate the defendants who were not summarily dismissed by the court's contemporaneously issued report and recommendation, and the defendants listed above with any incident other than the Lee Incident. Thus, the only defendants that should remain in the instant matter are Defendants Franklin Richardson, Rogers, and McBride.

The Clerk of Court is directed to assign three new civil action numbers to Plaintiff, one for each of the other incidents listed above. The Clerk shall add as defendants to each docket the named defendants that correspond to each incident, as they are listed above. The Clerk shall file this order as the initial docket entry in the newly created cases. The Clerk shall also file the Complaint (ECF No. 1) and Additional Attachments (ECF Nos. 5 & 6) from the instant case's docket as entries in each of the new cases. The Clerk shall also send a copy of this order to Plaintiff.

**TO PLAINTIFF**:

Based on the foregoing, your case has been severed into four separate cases. You will receive an order for each case explaining how to file the documents necessary to bring your cases into proper form for initial review and the issuance and service of process. Each of your cases will have separate case captions and case numbers that will aid you in keeping the cases separate.

Going forward, the instant case (Garrett v. Richardson, C/A No. 0:18-1309-CMC-PJG) will concern only your allegations about the incident that occurred on April 13, 2015 at Lee Correctional Institution, and the only defendants in this case are Defendants Franklin Richardson, Rogers, and

McBride. The court contemporaneously issued an order for this case that explains how to bring this case into proper form for initial review and the issuance and service of process.

Plaintiff is a *pro se* litigant. Therefore, Plaintiff's attention is directed to the following important notice:

> Plaintiff must place the civil action number listed above (C/A No. 0:18-1309-CMC-PJG) on any document provided to the court pursuant to this order, **in this case**. Any future filings in this case must be sent to the address below (901 Richland Street, Columbia, South Carolina 29201). All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.
>
> You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2018
Columbia, South Carolina