IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Louis Garrett, Jr., | C/A. No. 0:18-1417-CMC-PJG |
| Plaintiff | |
| v. | |
| Randall Fowler, Jr; Lasley; DeGeorgis; Wantonta Golden; Jeff Bilyeu; R. Blackburn; Kenneth Myers; James Jennings; Nathan Rice; Christopher Monaco; Sgt. Campbell; Lt. Rendell Berry, | Order |
| Defendants. | |

Plaintiff Robert Louis Garrett, Jr. ("Garrett") brings this *pro se* action alleging violations of his constitutional rights while incarcerated in the South Carolina Department of Corrections ("SCDC").  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

This matter is before the court on Defendants' Motions for Summary Judgment.  ECF Nos. 269 (Motion by Defendants Bilyeu, Blackburn, DeGeorgis, Fowler, Golden, Jennings, Myers, and Rice), 333 (Motion by Defendant Berry). Because Garrett is proceeding *pro se*, the Magistrate Judge entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and the need to file adequate responses. ECF Nos. 270, 334. Garrett moved for and was granted numerous, lengthy extensions in which to respond.  ECF Nos. 275, 281, 297, 312, 314, 315, 321, 322.  He was warned a failure to respond would subject his case to dismissal for failure to prosecute or that the motions may be decided on the record presented in

support of the motions if he failed to file a response. Nonetheless, Garrett did not file a response to either of the summary judgment motions.

On January 29, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant Berry's motion for summary judgment be granted, and the motion of Defendants Fowler, Lasley, DeGeorgis, Golden, Bilyeu, Blackburn, Myers, Jennings, and Rice be granted in part and denied in part. ECF No. 343. It also recommends dismissing Defendants Monaco and Campbell without prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Defendants Fowler, et al moved for and received multiple extensions of time to file objections, and did so March 8, 2021. ECF No. 366. On February 16, 2021, the court received two motions from Garrett: a motion for extension of time to file objections, and a motion for temporary restraining order, requesting permission to use the ADA Typewriter at his facility despite the lockdown. ECF Nos. 350, 351. The court directed Defendants to respond to Garrett's motion for temporary restraining order (ECF No. 352) and granted Garrett an extension to file objections through April 2, 2021 (plus three mailing days). ECF No. 357. Defendants filed a response to the motion for temporary restraining order noting a typewriter had been provided to Garrett. ECF No. 367. Garrett thereafter filed a "status report" noting his typewriter ink ribbon ran dry and he requested but had not been provided new ink ribbons, and a motion for extension of time to file objections. ECF Nos. 371, 372. The court granted his extension request, making his objections due April 30, 2021, and requesting the Department of Corrections supply Garrett a typewriter ink ribbon no later than April 19, 2021. ECF No. 373. As of June 1, 2021, the court has not received any objections or any further filings from Garrett.

### 1. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### 2. Background[1]

Garrett alleges an incident of excessive force while he was housed at Perry Correctional Institution ("PCI"). ECF No. 231, Am Compl. He alleges Defendant Fowler began harassing Garrett in a sexual way around May or June 2015, and Garrett complained to Fowler's supervisors, Defendants Blackburn and Bilyeu, and wrote a request to staff ("RTS") regarding the harassment to Defendants Golden, Blackburn, and Bilyeu, who then delivered the RTS to Defendant Lasley. Although Garrett states Defendant Fowler then stopped harassing him, an incident occurred on or around June 19, 2015, which resulted in Garrett being sprayed with chemical munitions during a

---

[1] The facts are taken in the light favorable to the non-moving party, Garrett, where support is found in the record.

cell extraction.  Garrett alleges Defendants Blackburn, Fowler, Rice, Bilyeu, Myers, and Jennings were involved in the cell extraction, and one of the officers sexually assaulted him by using handcuffs or a hand to "probe his anus."  He alleges he was violated again after he stopped resisting, but was then taken to the medical department and the hospital where medical staff administered a rape kit.  He alleges he was denied medical care and that this incident was in retaliation for his reporting Defendant Fowler's sexual harassment.

The court construed Garrett's Amended Complaint as alleging claims for excessive force, deliberate indifference, and retaliation under 42 U.S.C. § 1983.  Specifically, he asserts claims of excessive force and retaliation against Defendants DeGeorgis, Blackburn, Fowler, Rice, Myers, and Jennings for an incident occurring on or about June 19, 2015 at PCI, during which he was sexually assaulted by an unidentified officer. He alleges Defendant Golden did not take steps to prevent the assault.  Garrett alleges the incident was in retaliation for his filing charges against Defendant Fowler for sexually harassing him, and that Defendants were deliberately indifferent to his mental and physical health as a result of this incident.  He seeks monetary and injunctive relief.

3.  **Discussion**

The Magistrate Judge recommends dismissal of Defendant Campbell without prejudice for failure to serve pursuant to Rule 4(m).  ECF No. 343.  The Report further recommends dismissal of Defendants Berry and Monaco because the Amended Complaint fails to state a claim upon which relief can be granted, as they had no involvement in the alleged constitutional violations.[2] The Report further recommends Garrett's retaliation claims proceed, as Defendants did not appear

---

[2] Although Garrett said he would "write a supplemental complaint to provide details" when he added those Defendants, no such supplement has been filed.

to have moved for summary judgment on those claims. Regarding the excessive force claims, the Report found Defendants should be granted summary judgment as to the use of chemical munitions and use of force to remove Garrett from his cell during the extraction. However, the Report recommended the excessive force claim regarding the alleged sexual assault proceed, despite Garrett being unable to name a specific officer responsible, as none of the Defendants provided an affidavit they were not involved in the alleged assault or did not commit it.[3] The Report found the claims for deliberate indifference to medical needs should also be dismissed. Finally, although the Report found Defendants have not established they are entitled to qualified immunity, to the extent Garrett seeks monetary relief against SCDC employees in their official capacities, the Report recommends dismissal as they are arms of the state and thus entitled to Eleventh Amendment immunity.

Defendants object to the Report's recommendation summary judgment be denied as to Defendants Fowler, Lasley, DeGeorgis, Bilyeu, Blackburn, Myers, Jennings, and Rice on the sexual assault excessive force claim. ECF No. 366. Specifically, they argue the Magistrate Judge should have dismissed the claim for failure to prosecute; that Garrett's claim of sexual assault "falls far short of the egregious type of harm prohibited by the Eighth Amendment," that Garrett's claims of sexual assault were determined to be unfounded (bolstered by a video of the cell extraction), and that the use of force was appropriate. They also argue Plaintiff's claims of retaliation fail and should be dismissed. They do not object to the recommendation of summary judgment as to Plaintiff's remaining claims.

---

[3] However, any claim for excessive force against a Defendant in a supervisory capacity fails.

Although Garrett requested and received extensions of time in which to file objections, and it appears SCDC officials allowed him to have the requested typewriter in his cell, the court has received no objections from Garrett.[4]

### a. *Defendant Campbell*

As noted in the Report, service was authorized on Defendant Campbell but the summons was returned unexecuted on December 17, 2019, noting "SCDC OGC cannot accept – could not find this defendant." ECF No. 249. The Magistrate Judge thereafter entered an Order directing Garrett to complete and return an amended Form USM-285 by January 3, 2020. Although Garrett returned a USM-285 form, it stated

> someone from SCDC's office of General Counsel can identify Sgt. Campbell from Exhibit 1A and if he no longer works for SCDC they can just say that and provide the U.S. Marshals Service with all of Sgt. Campbell's personal identifiers (Date of Birth, Picture, SSN, Driver's License #, etc". The U.S. Marshal's Service can then use the SCDMV Computer System to get Sgt. Campbell's home address and then serve him.

ECF No. 254. The Magistrate Judge then entered an order acknowledging the amended form for Defendant Campbell, but finding Garrett did not comply with the court's order to provide more accurate information and declining to authorize further attempts of service on Defendant Campbell. ECF No. 282. Garrett appealed this order to the District Court. ECF No. 294. On June 9, 2020, the District Court agreed with the Magistrate Judge Garrett failed to provide sufficient information to allow the U.S. Marshals Service to effect service upon Defendant Sgt.

---

[4] The court notes it received typewritten Notices of Appeal in other cases filed by Garrett on March 15, 2020 – the date objections were originally due in this case. *See, e.g.*, Case No. 19-1953, Garrett v. Enloe, ECF No. 110.

Campbell. ECF No. 312. Finding the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the District Court affirmed. *Id.*

Garrett failed to provide sufficient information to properly serve Defendant Sgt. Campbell, despite his responsibility to do so. Garrett further failed to follow the court's instructions to provide more accurate information. Accordingly, as Defendant Campbell was not served within the time provided by Fed. R. Civ. P. 4(m), he is therefore dismissed without prejudice.

b. *Defendants Berry and Monaco*

Defendants Berry and Monaco were referenced only in Garrett's Amended Complaint regarding spoliation of his legal files, and Garrett noted he would "write a separate Supplemental Complaint" to provide details on his claims against these Defendants. However, no Supplemental Complaint or motion to file same was filed. The Amended Complaint does not state a claim against Defendants Berry or Monaco. Defendant Monaco, therefore, is summarily dismissed pursuant to § 1915 and § 1915A, and he is dismissed without prejudice. Defendant Berry's motion for summary judgment (ECF No. 333) is granted, and he is dismissed with prejudice.

c. *June 19, 2015 Incident of Excessive Force*

The Magistrate Judge recommends denying summary judgment for Defendants Fowler, Lasley, DeGeorgis, Golden, Bilyeu, Blackburn, Myers, Jennings and Rice as to the claim of sexual assault[5] in the June 19, 2015 incident, but granting summary judgment to these Defendants as to the use of chemical munitions and physical force during the cell extraction   ECF No. 343 at 18.

---

[5] In addition, the Report finds Defendants failed to demonstrate they are entitled to qualified immunity on the sexual assault claim.

The Report further recommends granting summary judgment on the deliberate indifference to medical needs claim.

Defendants do not object to the recommendation of dismissal of the excessive force claim based on use of chemical munitions or physical force, or the dismissal of the deliberate indifference claim. They do object to the denial of summary judgment as to the sexual assault claim. As noted above, Garrett has not filed objections.

### i. Failure to Prosecute

Defendants argue the Amended Complaint should have been dismissed for failure to prosecute. The court has dismissed other cases brought by Garrett for failure to prosecute after the filing of a Motion for Summary Judgment. See Case Nos. 19-1859, *Garrett v. Palmer*, ECF No. 91 (92 total docket entries through dismissal of case); 19-1952, *Garrett v. Stephenson*, ECF No. 87 (88 docket entries); 19-1953, *Garrett v. Enloe*, ECF No. 101 (104 docket entries). However, in the instant case, Garrett has filed numerous motions and maintained active involvement (373 docket entries as of April 12, 2021). In addition, in those cases Garrett made no filings after the respective Reports were filed but before the cases were closed, while in this case, Garrett has filed a motion for temporary restraining order and motion for extension of time in which to file objections to the Report, although ultimately he did not file objections. The court, therefore, declines to dismiss the case for failure to prosecute.

### ii. Use of Chemical Munitions and Physical Force during Cell Extraction

The Report recommends granting summary judgment to Defendants Fowler, Lasley, DeGeorgis, Golden, Bilyeu, Blackburn, Myers, Jennings, and Rice as to the use of chemical munitions and physical force during the cell extraction on June 19, 2015. Defendants do not object

to this recommendation, and Garrett has failed to file objections.  The court, therefore, reviews the recommendation on these claims for clear error.  Finding none, summary judgment is granted for Defendants on the claims of excessive force for use of chemical munitions and physical force in restraining Garrett during the cell extraction, and they are dismissed with prejudice.

### iii.   Sexual Assault Claim

Next, Defendants assert the claim of sexual assault fails because the single claim of sexual offensive touching was not "objectively, sufficiently serious" to constitute an Eighth Amendment violation.  ECF No. 366 at 4-5.  In addition, they contend, the claim of sexual assault was determined to be unfounded after an investigation by the Office of Inspector General for SCDC. *Id.* at 5-6.  A charge of filing a false police report was brought against Garrett based on his unfounded allegations of sexual assault.  *Id.* at 6.  Finally, Defendants argue the video of the cell extraction contradicts Garrett's claim of sexual assault, and Garrett even admits in the video he was not sexually assaulted.  *Id.* at 6-7.

The court reviews *de novo* this portion of the report as Defendants raised objections. Although neither the documentation regarding the investigation of Garrett's sexual assault claim nor the cell extraction video were produced with the motion for summary judgment, and were attached only to the objections to the Magistrate Judge's report, the court will consider this outcome-determinative evidence.

> The relevant statute states that a district court reviewing a magistrate judge's recommendation must review de novo disputed portions of a magistrate's report and "may also receive further evidence." 28 U.S.C.A. § 636(b)(1) (West 1993) (emphasis added).  Because Congress used the permissive term "may" in connection with the receipt of additional evidence, the question of whether to consider such evidence rests within the sound discretion of the district court.

*Doe v. Chao*, 306 F.3d 170, 183 n. 9 (4th Cir. 2002); *Blake v. Children's Attention Home*, No. CIV.A. 0:11-02825, 2013 WL 1281946, at *5 (D.S.C. Mar. 26, 2013) ("The court has discretion to receive Plaintiff's new evidence as part of the review of the Magistrate Judge's Report and Recommendations.").

The video of the cell extraction contradicts Garrett's assertions in his Amended Complaint regarding the sexual assault claim. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). The video clearly shows the extraction team sprayed chemical munitions and eventually entered Garrett's cell because he refused to remove papers from his cell window and refused all conflict resolution and directives to come to the door. ECF No. 366-3 at 00:20-40, 03:10-04:40.  Although the camera viewpoint is unable to show Garrett during the cell breach because of the officers securing him, Garrett complains of officers touching his toes and fingers but makes no mention of a sexual assault when he is on the ground or brought to his feet.  *Id.* at 14:00-18:00.  Once on his feet Garrett states loudly, many times, that he is being extracted because of sexual harassment; however, he explicitly admits after being restrained "I'm glad I'm not being fondled right now, I'm not being sexually assaulted . . . I'm glad it hasn't turned into sexual assault." *Id.* at 20:05, 20:36. Further, the investigative report shows that while Garrett was taken to the hospital and examined after his allegations of sexual assault, the report was

investigated, and the accusation was determined to be unfounded.  ECF No. 366-2 at 3.  Garrett

was charged with filing a false police report.[6]  *Id.* at 32.

Based on the newly submitted evidence, the court finds granting summary judgment to

Defendants on the excessive force sexual assault claim is appropriate. Accordingly, Defendants'

motion for summary judgment is granted and Garrett's excessive force claim is dismissed with

prejudice in its entirety, including the sexual assault claim.

### d.  *Retaliation*

The Magistrate Judge found Defendants acknowledged Garrett's retaliation claims in their

summary judgment motion and memorandum, but did not actually move for summary judgment

as to any retaliation claims.  Therefore, the Report recommended these claims proceed to trial.

ECF No. 343 at 9. Defendants object, arguing the video and investigative report show Garrett was

not subjected to use of force due to report of sexual harassment, as Garrett claims, but because he

refused directives from staff.  ECF No. 366 at 8.

Based on the newly submitted evidence that was not before the Magistrate Judge, the court

finds the use of force on June 19, 2015 was due to Garrett's refusal to remove paper from his

window, then refusal to engage in the conflict resolution process or to come to his cell door to be

handcuffed.  These reasons are clear from the video, which contradicts the allegations of retaliation

in Garret's Amended Complaint.  *See Scott*, 550 U.S. at 380.  Therefore, the court finds there is

no genuine issue of material fact regarding the reason for the use of force – it was not due to

---

[6] It appears this state court charge was dismissed when Garrett appeared in the South Carolina
Court of General Sessions in the Thirteenth Judicial Circuit and was found guilty of contempt of
court for disruptive conduct and refusal to comply with instructions of the court.  ECF No. 366-5.

retaliation based on Garrett's claims of sexual harassment. Summary judgment is appropriate for Defendants on the retaliation claim, which is dismissed with prejudice.

### e. *Deliberate Indifference*

The Magistrate Judge recommends dismissal of Garrett's claims for deliberate indifference to his medical needs following the June 19, 2015 use of force incident. ECF No. 343 at 20. The Report notes none of the Defendants are medical personnel, and Garrett does not name any specific defendants who were personally involved in depriving him of medical care or provide any further details about how he was deprived of medical care.

As there are no objections to this recommendation by the Magistrate Judge, it is reviewed for clear error. Finding none, the court grants summary judgment for all Defendants on the claim of deliberate indifference to medical needs.

### 4. **Motion for Temporary Restraining Order**

Garrett has also filed a motion for temporary restraining order. ECF No. 350. Garrett alleges his hand injury prevents him from handwriting documents without pain, and requests a court order for use of the ADA typewriter at his facility. The court directed counsel for Defendants to respond to the motion. ECF No. 352. Defendants filed a response in opposition, arguing Garrett has not met the standard for a temporary restraining order but also noting one typewriter was transferred to Garrett's cell, despite the quarantine lockdown at his institution. ECF Nos. 367 at 4; 367-4 (affidavit of Associate Warden of Programs Brightharp, noting the typewriter was provided to Garrett on or about February 25, 2021, and remains in his cell as of March 19, 2021).

Garrett filed a "status report" noting his typewriter ribbon had run out of ink and therefore he was unable to use the typewriter. ECF No. 371. However, the court requested Defendants

12

provide Garrett with additional ink ribbon(s), and extended his time to file objections for this reason. Garrett has failed to file any additional documents stating he did not receive an ink ribbon.

As Garrett has received access to a typewriter, and indeed has submitted typed filings in several of his other cases, the court finds his motion for temporary restraining order is moot. The motion for temporary restraining order (ECF No. 350) is dismissed.

### 5. Conclusion

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and objections filed, the court agrees with the Report's recommendations as to all claims other than the sexual assault excessive force claim and the claim for retaliation. On those two claims, the court declines to adopt the Report in light of newly produced, highly relevant evidence. Accordingly, the court adopts the Report by reference in this Order as supplemented above. Defendants Campbell and Monaco are dismissed without prejudice. Summary judgment is granted as to Defendant Berry and the entirety of Garrett's excessive force, retaliation, and deliberate indifference claims against Defendants Fowler, Lasley, DeGeorgis, Golden, Bilyeu, Blackburn, Myers, Jennings, and Rice are dismissed with prejudice.[7]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 11, 2021

---

[7] The motion for temporary restraining order (ECF No. 350) is dismissed as moot.